

# The Attorney General of Texas

December 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
   and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H-1318

Re: Whether the Department of
Mental Health and Mental Retar-
dation may accept federal funds
to purchase automobile insurance
for foster grandparents who are
not employees of the depart-
ment.

Dear Dr. Kavanagh:

You have requested our opinion as to whether the Department of Mental Health and Mental Retardation may expend federal grant funds for the purchase of liability insurance for foster grandparents. The department receives federal funds as a sponsor of the Foster Grandparent Program administered by ACTION. As a prerequisite to the receipt of those funds, the department is required to furnish various kinds of insurance coverage to program volunteers, including automobile liability, personal liability, and accident insurance. The federal grant provides funds specifically for the sponsor's use in purchasing such insurance coverage. You indicate that program volunteers are not employees of the department.

A rider to the 1977-79 General Appropriations Act authorizes the Department of Mental Health and Mental Retardation "to accept gifts, donations and Federal grants for the programs and projects intended to improve the care and treatment of patients or students" and appropriates such "gifts, donations and grants . . . for the purposes for which they are made available." General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. II, §2d, at 2699. Another rider to the Act requires that "[a]ll agencies receiving federal funds shall utilize those funds to the maximum extent possible to reduce expenditures of state funds appropriated for use." Article V, section 20, at 3155. Thus, an appropriation clearly exists by which the department could purchase liability insurance for its foster grandparent volunteers.

Nevertheless, an appropriation, in order to be valid, must be supported by preexisting law. Tex. Const. art. 3, §44.  Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934); Attorney General Opinions H-1172 (1978); H-944 (1977); H-679 (1975).  Article 6252-19a, V.T.C.S., authorizes various state agencies, including the Department of Mental Health and Mental Retardation, to purchase automobile liability insurance for the purpose of insuring "their officers and employees."  Since volunteers in the Foster Grandparent Program are not employees of the department, article 6252-19a is not applicable to them. In our opinion, however, the statute indicates a legislative belief that specific authorization is necessary to enable a state agency to purchase insurance. See Attorney General Opinion H-742 (1975).  Until there is statutory authorization regarding nonemployees, we do not believe that the department may expend funds for the purchase of insurance for these volunteers.

## S U M M A R Y

The Department of Mental Health and Mental Retardation is not now authorized to expend funds for the purchase of liability insurance for volunteers in the Foster Grandparent Program.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn